# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MIKKI LEIGH FISCHER, Individually and
Independent Administrator of the Estate of
Johnny J. Hendrix III, Deceased,

        Plaintiff,

     v.

THOMAS DART, et al.,

        Defendants.

Case No. 25 CV 09635

Honorable Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Johnny Hendrix was killed by cellmate Daquan Houston while detained at the Cook County Jail. Hendrix's mother, individually and as administrator of his estate, asserts failure to protect, state-created danger, and conditions of confinement claims under 42 U.S.C. § 1983, and multiple claims pursuant to Illinois law against defendants in the Cook County system. Specifically, the Complaint[1] names 64 Defendants, including Cook County Sheriff Dart, 31 Corrections Officer Defendants,[2] Cook County, and 31 Medical Defendants.[3] All Defendants move to dismiss the Section 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint's group pleading leaves Defendants with no notice of the claims against them. The Court agrees,

---

[1] The operative Complaint is Plaintiff's Fifth Amended Complaint, [4], which was the first complaint removed to federal court. [1].

[2] The Corrections Officer Defendants are Defendants K. Gaudie, Joseph Land, Larry Tate, Jason Smith, M. Myatt, Lawrence Smith, Teresa Herrara, Dwanetta Baker-Bauer, James Wilde, Naomi Brown, Ruby Martin, Shajuana Davis, Sarah Garner, Uriel Villasenor, A. Shrestha, C. Glenn, Thomas Leinweber, Shannon Bond, Brian Sokolowski, John Spruill, Maurice Byrd, John Malloy, Don Campbell, Ramiro Martinez, Lt. Albert Stubenvoll, Lt. Rodriguez, Sgt. Mondelli, Corrections Officer Polak, Corrections Officer Krzyzak, Corrections Officer Greb, and Corrections Officer Garcia. They are all employees of the Cook County Sheriff's Office, and filed a motion to dismiss along with Sheriff Dart. [72].

[3] The Medical Defendants are Defendants Tushar Advani, Sharad Garbharran, Yaser Haq, David Kelner, Joseph Mason, Jenea McNeal, Alma Ramic, Terri Richmond, Laura Ternand-Hughes, Ahleah Balawender, Brandon Branch, Lauren Cartwright, Linda Churchill-Minor, Kevin Connolly, Angela Escamilla, Anika Gary, Jessica Goldbach, Benjamin Godwin, David Goldstein, Isabel Guzman, Margaret McGonegal, Holly Mitzner, Kimberly Myers, Belen Servin-Johnson, Christina Terrell, Cristina Valle, Gregory Vanduan, Jonathan Howard, Albert Laser, Brian Waxler, and Pierre Nunez. They are all employees of Cook County. Defendant Howard moves separately to dismiss the claims. [73] The other Medical Defendants filed a motion to dismiss with Cook County. [71].

and grants Defendants' motions to dismiss the Section 1983 claims without prejudice.[4] The Court declines to exercise supplemental jurisdiction over the state law claims, and those claims are also dismissed without prejudice.

## Background

The Complaint asserts that Hendrix was arrested and placed in Cook County Jail on August 4 or 5, 2023. [4] ¶¶ 71–72. He was housed in a mental health wing of the hospital jail operated by Cermak Health Services, a division of Cook County. *Id*. ¶¶ 38, 74. Daquan Houston was one of Hendrix's cellmates. *Id*. ¶¶ 75, 132. Houston had a ten-year history of serious mental health crises and violent assaults at Cook County Jail. *Id*. ¶¶ 81–85, 99–109, 114–124.

On August 7, 2023, Houston's acute mental illness made him an imminent danger to himself and others. *Id*. ¶ 125. He was placed on emergency medications and taken to therapeutic seclusion. *Id*. However, over an hour later, Houston was removed from that seclusion and placed back in group housing with Hendrix. *Id*. ¶¶ 56, 126. Sometime before the next morning, Houston attacked Hendrix, stomping on his head and beating him to death. *Id*. ¶¶ 142–143.

## Legal Standard

On a Rule 12(b)(6) motion, the court reviews the complaint for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This pleading standard does not necessarily require detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in plaintiff's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

## Discussion

Plaintiff brings federal failure to protect, state-created danger, and conditions of confinement claims against all Defendants arising from the death of her son. Her remaining nine state law claims are brought against various combinations of Sheriff Dart, Cook County, the Corrections Officer Defendants, and the Medical Defendants.

---

[4] Plaintiff's Section 1983 claims are Counts I, II, and III of the Fifth Amended Complaint. [4].

I.     **Section 1983 Claims**

1.     **Group Pleading and Individual Defendants**

All Defendants move to dismiss the Section 1983 claims because Plaintiff's reliance on group pleading fails to give each Defendant notice of their alleged wrongful conduct.[5] Plaintiff responds that the context of her overarching allegations establishes each Defendant's personal involvement. She also argues that her allegations against Defendants do not suggest that all Defendants were engaged in the same misconduct at the same time, but rather their acts or omissions at some juncture led to violations of her constitutional rights.

Section 1983 liability is premised on personal involvement in the alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). When suing multiple defendants, the complaint must give each defendant fair notice of the claims against them and their alleged acts or omissions. *Twombly*, 550 U.S. at 555. Group pleading may be permissible if the complaint still contains enough detail to put each defendant on notice of what he may have done to violate plaintiff's rights. *Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill. 2021). There is no bright-line rule about when group pleading is allowed. Instead, the Court must consider the complaint "sensibly and as a whole" to determine if pleadings leave "no genuine uncertainty regarding who is responsible for what." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013).

Courts in this district have dismissed complaints that rely on group pleading against large groups of defendants because it is unclear which defendants took what alleged actions, and it is implausible that such a large group of defendants could have engaged in the same activities. For example, the district court in *Liera v. City of Chicago* dismissed 35 police officers where the complaint failed to allege their individual involvement, including which officers were at which location, and which officers participated in the misconduct. 2014 WL 3921359, at *3 (N.D. Ill. Aug. 5, 2014). Another district court dismissed a complaint where plaintiff named 85 defendants but failed to "narrow and group together" the defendants "in a more particularized way" to provide each defendant with sufficient notice. *Earl v. Howard*, 2017 WL 2779797, at *3 (N.D. Ill. June 27, 2017). This Court similarly dismissed a complaint where general allegations were directed at 23 defendants. *Watkins v. S. Suburban Major Crimes Task Force*, 2025 WL 1148472, at *4 (N.D. Ill. Apr. 18, 2025). The complaint was "void of particularized wrongdoing" and ambiguously pled allegations against "one or more" of the defendants. *Id*. The Court could not reasonably infer that all 23 defendants took the same actions, and thus the pleadings failed to adequately put defendants on notice of the claims against them. *Id*.

Similar to *Liera*, *Earl*, and *Watkins*, Plaintiff crosses the line into unacceptable group pleading because Defendants cannot tell who took the actions alleged in the Complaint. For the most part, the Complaint lumps together all Defendants or minimally groups them as Corrections Officer Defendants and Medical Defendants. For example, allegations about Houston's violent history, mental health treatment, and escalating crisis are generally directed at the Medical

---

[5] The Corrections Officer Defendants also argue Plaintiff has not adequately pled certain elements of her Section 1983 claims. [100] at 8–11. But these arguments are only presented in their reply brief, and thus will not be considered.

3

Defendants, *e.g.*, [4] ¶¶ 119–124, or "multiple CCS Defendants." *E.g.*, *Id.* ¶¶ 138–140. It is implausible that all 31 Corrections Officers or 31 Medical Defendants engaged in the same alleged activities. Since the pleadings fail to specify who was involved, Defendants must decipher whether there are any allegations about their personal role in the overarching harm. These vague statements obscure who had knowledge or took particular actions, and thus deprive Defendants of fair notice.

The Complaint has another, significant defect because Defendants cannot tell what they allegedly did to violate Plaintiff's rights. Plaintiff lists an array of wrongdoing at the heart of her claims, but alleges that Defendants operated "individually and in concert" to commit "one or more" of the illegal acts. [4] ¶¶ 190, 204. Even if a Defendant could determine their personal connection to Houston's attack, they would be unable to figure out what they supposedly did wrong. The Complaint's ambiguity forces Defendants to surmise which of the alleged acts or omissions forms the case against them specifically. In essence, Defendants cannot infer what they did or should have done differently. This too fails to give each Defendant fair notice of the claims.

Further, the pleadings do not make clear when each Defendant supposedly participated in the misconduct. Even accepting Plaintiff's argument that Defendants acted at different times, Defendants are still left to guess when they may have engaged in wrongful behavior. The alleged involvement spanned a period of three months before the attack, often without any narrower timeframe. *E.g.*, [4] ¶¶ 13–20, 39–53, 131, 140. Defendants must speculate about when they potentially interacted with either Hendrix or Houston to determine how their conduct gives rise to Plaintiff's constitutional claims.

To be fair, the Complaint does include some facts about each Defendant's role in housing, security classification, and Houston's medical care. But these allegations are still too general to connect individual Defendants to the constitutional violations. The Complaint lacks facts to demonstrate how making Hendrix's or Houston's housing assignments, or serving on Houston's treatment team, is linked to the eventual harm. Even where dates of Defendants' involvement are pled with some specificity, the Complaint does not clearly tie those actions to any unconstitutional wrongdoing. It is not enough that Defendants interacted with Hendrix or Houston at some point during their detention. Plaintiff must draw a plausible connection of how those particular roles and actions led to the alleged failures and Hendrix's tragic death. And Plaintiff must state these connections to give Defendants sufficient notice.

Plaintiff protests that, drawing all reasonable inferences in her favor, the mix of individual and group allegations plausibly states each Defendants' personal involvement. But the muddled nature of her pleading requires significant untangling to decipher. It is not the Court's responsibility to hunt through the Complaint and find statements which, cobbled together, construct a plausible legal claim. *Canel v. Art Inst. of Chicago*, 2025 WL 564504, at *15 (N.D. Ill. Feb. 20, 2025); *Markette v. HSBC Bank*, 2018 WL 1695368, at *7 (N.D. Ill. Apr. 6, 2018). And if the Court cannot easily deduce which allegations are directed at whom, then neither can the Defendants. That is not the fair notice required by Rule 8. Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's Section 1983 claims against the individual Defendants.

4

### 2. Defendants Sheriff Dart and Cook County

Plaintiff also brings her Section 1983 claims against Defendants Sheriff Dart and Cook County. Sheriff Dart contends that, since these claims are brought against him in his official capacity, Plaintiff must plead a policy or custom that led to the constitutional violations, as Section 1983 claims do not support liability based on *respondeat superior*. *Betts v. Boone Cty.*, 2026 WL 1723464, at *2 (7th Cir. June 15, 2026). The Complaint makes no allegations about a policy or widespread practice. Plaintiff agrees, and therefore the Section 1983 claims against Sheriff Dart are dismissed.

This principle also extends to Cook County. It, too, may only be liable under Section 1983 if its policy or custom violates the Constitution. Plaintiff has not pled any wide-ranging policy animating her unconstitutional harm[6] and therefore cannot support these claims against Cook County. The Section 1983 counts against Cook County are likewise dismissed.

### 3. Affidavit Pursuant to 735 ILCS 5/2-622

Cook County and the Medical Defendants also argue that because Plaintiff's Section 1983 claims sound in medical malpractice, she needed to submit an affidavit from a qualified health professional attesting to the viability of her claims, as required by Illinois law. 735 ILCS 5/2-622.[7] They contend her failure to do so is grounds for dismissal.

That argument has no merit. Pleading in federal court is governed by Federal Rule of Civil Procedure 8, which requires only a short and plain statement of the claim. It does not require any attachments or affidavits. Though Cook County and the Medical Defendants suggest Rule 8 does not conflict with the requirements of § 5/2-622, the Seventh Circuit has dictated otherwise: "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019); *see Berk v. Choy*, 607 U.S. 187, 192–95 (2026) (finding that the failure to attach a similar affidavit as required by Delaware law cannot be grounds for dismissal because the state law precondition conflicts with the pleading standards in Rule 8). Federal law governs matters of procedure for a motion to dismiss, regardless of whether the claim arises under federal or state law. *Young*, 942 F.3d at 351.

## II. State Law Claims

Because the Court dismisses Plaintiff's federal claims, it only has supplemental jurisdiction over Plaintiff's remaining state law claims. The Court has broad discretion to relinquish jurisdiction over state law claims once federal claims have been dismissed. *RWJ Mgmt. Co., v. BP*

---

[6] At times, Plaintiff makes conclusory allegations about the Medical Defendants acting in violation of Cook County's policies. ¶¶ 163(h), 197(D), 197(F). But Plaintiff does not plead that any policies caused her constitutional violations.

[7] Since the Court grants Plaintiff leave to file an amended complaint, it addresses Cook County and the Medical Defendants' alternate grounds for dismissal.

*Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). Accordingly, the Court declines to address Plaintiff's state law claims, and does not reach Defendants' remaining arguments.

## Conclusion

For the reasons stated above, Defendants' motions to dismiss [71], [72], and [73] are granted as to Counts I, II, and III of the Complaint, and the Complaint is dismissed without prejudice. Plaintiff's group pleading fails to put the individual Defendants on notice of the Section 1983 claims against them, and she has not pled a policy or custom to support Section 1983 claims against Sheriff Dart or Cook County. Plaintiff may refile an amended complaint if she can cure the deficiencies and such an amendment is consistent with her obligations under Federal Rule of Civil Procedure 11. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss.").

The Court suspects that Plaintiff will refile an amended complaint. Plaintiff should realize that part of the problem here is the choice to sue 64 defendants at the outset, rather than bringing claims against key individuals where Plaintiff has some knowledge of their alleged wrongdoing. Rule 15 allows liberal amendment of the pleadings, and it may be that after additional discovery, Plaintiff will have more information to properly assert claims against new defendants. While the Court appreciates that Plaintiff possesses little knowledge about each individual's role in the offense, the Supreme Court's decisions in *Twombly* and *Iqbal* still require alleging plausible claims, rather than claims against anyone who touched any job that may have had a role in the constitutional violation.

If Plaintiff does not file an amended complaint by July 20, 2026, then the dismissal will automatically convert to a dismissal with prejudice.

**SO ORDERED.**

Dated: June 29, 2026

Sunil R. Harjani
United States District Judge

6